MAYOR, ETC., OF CITY OF NEW YORK v. WHITE et al.[1]

(District Court, S. D. New York. December 26, 1893.)

PRACTICE—JOINDER IN REM AND IN PERSONAM—REVIVAL OF SUIT AGAINST EXECUTOR—ANCIENT CLAIM.

When process in a collision case was issued against both vessel and owner, and the owner afterwards died, and his executor qualified, and was thereafter discharged, and some 19 years after the collision the libelant moved to revive the suit against the personal defendant by bringing in the executor, it was *held* that the motion should be denied.

In Admiralty. Motion to revive suit denied.

Jas. M. Ward, Asst. Corp. Counsel, for libelant.

John C. McGuire, for defendant.

BROWN, District Judge. An examination of the libel, filed January 14, 1874, shows that it was brought for a collision between the steamboat Americus, then belonging to the defendant, R. Cornell White, and the libelant's steam propeller Hope, used by the department of public charities and correction.

The process was in rem against the vessel, and in personam against the owner. The vessel was arrested, and released on stipulation. The defendant in personam answered, among other things, that he was improperly joined as a defendant. The owner afterwards died; his executor qualified in 1884, and was discharged by the surrogate in 1886. The libelant now moves that the action be revived as respects the personal defendant, by bringing in his executor. Had the joinder of the defendant in personam been excepted to after the arrest and release of the vessel in rem, the exception would have been sustained, as such a joinder is not allowed by the rules of the supreme court in an action for collision. This is a sufficient reason, aside from the discharge of the executor long since, why no order for the revival of the action as against any executor should be allowed. The action in rem can proceed upon notice to the former executor and to the sureties, unless on their motion it be dismissed for laches and want of prosecution.